[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff seeks a recovery of money damages for injuries sustained in an automobile accident which occurred on September 23, 1998 at approximately 11:15 p.m. On that date and time he was operating his companion's automobile in a northerly direction across the intersection of Route 34 and the Derby-Milford Road located in Milford, Connecticut. The defendant, Stephen Iacuone, a Derby police officer, was at that time on duty operating a City of Derby police cruiser and proceeding easterly on Route 34 approaching and entering the above intersection. The issue of agency is admitted. The weather was clear and the roads were dry.
The plaintiff testified that he had stopped for the light which was red for his line of traffic and was the third car in line. When the light changed, he started up, going 5 to 10 m.p.h. according to his passenger, and proceeded into the intersection. He had just about reached the center of the intersection when the defendant's vehicle coming from his left collided with his vehicle, causing extensive damage to both cars. The plaintiff had not noticed the defendant's vehicle until it was nearly about to enter his line of traffic.
The defendant testified that in responding to a call he had warning lights on as he entered the intersection and did not recall if the traffic light was yellow or red for his lane of traffic. He noticed the plaintiff's vehicle coming from his right and he attempted to move his vehicle to the left and applied his brakes but was unable to avoid the collision. The diagram in evidence as part of the police report indicates that the plaintiff's vehicle had almost cleared the eastbound two lanes of Route 34 and the defendant's vehicle in swerving left was nearly in the southbound section of Route 34. The police report indicates that the defendant, contrary to his testimony, stated that he had his lights and siren in operation as he approached the intersection and that the light was red for his line of traffic. He indicated that he saw one car crossing the intersection from the Derby-Milford Road but did not see the CT Page 3179 plaintiff until he was either at or near the intersection and attempted to swerve left and apply his brakes but that his brakes didn't work and the two vehicles collided. A later inspection of the cruiser's brakes revealed them to be in proper operating condition. The police report also noted that the southwestern corner of this intersection obstructed the vision of both the operators in entering the intersection.
As a result of the collision the plaintiff sustained injuries to his neck and face and sought treatment at Griffin Hospital Emergency Room the following day. (See. P. Ex. 2.) While his complaints of neck and back pain persisted according to his testimony, he sought no treatment because of a lack of money to pay for such attention. However, he did subsequently avail himself of the services of a chiropractor in New York City from January 8, 2001 until May 20, 2002, making a number of visits. The chiropractor's report in evidence as part of Plaintiff's Exhibit Two indicates that the plaintiff has as a proximate result of the collision sustained a five percent permanent partial disability of the cervical spine. According to the life actuary table introduced in evidence the plaintiff's life expectancy is 51.2 years. His total economic damages sustained as a result of the accident and offered in evidence is the chiropractor's bill in the amount of $2,520.00 and Griffin Hospital in the amount of $130 for a total of $2,650.93. Lost wages were claimed by the plaintiff but no evidence was offered to support the claim.
The plaintiff claims that the defendant in his operation of the police cruiser was negligent in a number of ways and in particular that the defendant failed to keep a proper lookout and that he failed to grant the right of way to the plaintiff contrary to statute. The court finds the defendant did fail to exercise reasonable care with regard to these allegations of negligence in approaching and entering the intersection and that such failure and the resultant collision was the proximate cause of the plaintiff's injuries.
As to the second count of the plaintiff's complaint the court cannot conclude that the defendant Iacuone's operation constituted reckless or wanton misconduct and in any event this claim was not briefed by the plaintiff and the court, accordingly, considers the claim abandoned.
As to the defendant's several special defenses, the court notes the special defense of governmental immunity but again, this claim is not briefed and so is considered abandoned. While the defendant claims the right of way between his vehicle and the plaintiff in traversing this intersection by virtue of utilization of lights and siren the court cannot conclude that such were in operation as the evidence is inconclusive on this point. Neither the plaintiff nor the plaintiff's CT Page 3180 passenger supported this claim and the defendant officer's recollection is in conflict. The court concludes that the proximate cause of the accident was solely the defendant's failure to observe the traffic signal and thereby failed to grant the right of way to the plaintiff as well as failing to keep his vehicle under reasonable and proper control so as to avoid the risk of collision with the plaintiff's vehicle. Whether the light was yellow or red the officer was required to exercise reasonable care in entering the intersection even if he was on an emergency call.
The court finds the plaintiff's economic damages to be $2,650.93 and his non-economic damages to be $12,000 for a total award of $14,650.93 plus allowable costs.
 George W. Ripley II Judge Trial Referee
CT Page 3181